IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  1:19-cv-

GAIL BREWSTER,

     Plaintiff,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

     Defendant.

---

## NOTICE OF REMOVAL

---

Defendant, Allstate Fire and Casualty Insurance Company ("Allstate"), through its attorneys, Tucker Holmes, P.C., submits, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the following Notice of Removal to the United States District Court for the District of Colorado. In support thereof, Defendant states:

1.     Defendant Allstate is a named defendant in Civil Action No. 2019CV32957, captioned *Gail Brewster v. Allstate Fire and Casualty Insurance Company* in Denver County District Court (the "State Court Action"). The Complaint in the State Court Action was filed with the Clerk of the District Court of Denver County, Colorado on August 1, 2019. (See, *Complaint*, attached hereto as **Exhibit A**.)

2.     Plaintiff served the Summons and Complaint on the Defendant through the Division of Insurance on August 5, 2019. (See, *Affidavit of Service,* attached hereto as **Exhibit B**.) Copies of the Summons and Civil Case Cover Sheet served on Defendant are attached hereto

-1-

as **Exhibit C** and **Exhibit D**.

3.     This Notice of Removal is filed with this Court within thirty (30) days after the Plaintiff's Complaint was served on Defendant setting forth the claims for relief upon which Plaintiff's action is based.

4.     This Court has jurisdiction over this action under 28 U.S.C. §1332, and this action is removable under 28 U.S.C. §1441(b) because this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5.     Removal is appropriate here because there is complete diversity between the parties. "For the purposes of federal jurisdiction, an individual's state citizenship is equivalent to domicile.  To establish domicile in a particular state, a person must be physically present in the state and intend to remain there."  *Smith v Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006).

6.     At all relevant times, Plaintiff was a citizen of the State of Colorado. (See **Exhibit A**, ¶ 1.)  At the time of the accident, Plaintiff resided at 3624 West Girard Avenue, Denver, CO 80236. Plaintiff has resided in Colorado at this address since 1993.  (See Denver County Real Property Chain of Title attached as **Exhibit E**).  On October 7, 2013, Plaintiff renewed her policy of insurance with the Defendant in which Plaintiff represented her address to be 3624 West Girard Avenue, Denver, CO. (See Insurance Policy attached as **Exhibit F**.) On November 11, 2013, the date of the subject accident, Plaintiff reported to the police that she resided at that same address. (See Police Report attached as **Exhibit G**.) Furthermore, pursuant to the police report, Plaintiff had a Colorado driver's license which was first issued in 1992 along with a motor vehicle which was registered in Colorado (See **Exhibit G**.)  Due to the length of time

-2-

Plaintiff has resided in Colorado, Plaintiff's intent to remain in Colorado is evident. As such, Plaintiff is properly domiciled in Colorado and is a citizen of the State of Colorado.

7.      For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1).   At all relevant times, Defendant was and is a foreign corporation licensed to do business in the State of Colorado; however, Allstate's principal place of business is 2775 Sanders Road Northbrook, Illinois 60062. (See **Exhibit H**, Office of the Illinois Secretary of State, Corporation File Detail Report for The Allstate Corporation.)   Additionally, Allstate is incorporated in Delaware.   The parties are therefore citizens of different states and thus this civil action is one that may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1446(a) because this Court has diversity jurisdiction.

8.      The underlying event for this case is a motor vehicle accident involving Plaintiff on or about November 11, 2013.   (See **Exhibit A, ¶** 5; hereinafter "the Accident").   Plaintiff alleges that she was injured in the Accident with Derek Cope. (See **Exhibit A, ¶** 5.)

9.      Plaintiff brings claims against Defendant for (1) Bad Faith Breach of Contract-Underinsured Motorist Coverage; and, (2) Unreasonable delay and/or denial of a claim for payment of insurance benefits in violation of C.R.S. § 10-3-1116(1).

10.      Plaintiff also seeks from Defendant attorney fees and two times the covered benefits. (See, **Exhibit A, ¶** 49.)

11.      According to Plaintiff's Complaint, as a result of the collision she suffered injuries, damages and losses. (See **Exhibit A, ¶** 6.)

12.     In her Complaint, in addition to her claimed injuries and damages, Plaintiff also seeks to recover pre- and post-judgment interest, attorney fees, costs and expenses. (See **Exhibit A,** wherefore clause.)

13.     When the complaint itself does not set forth the amount of damages, the defendant must establish the amount in controversy by a preponderance of the evidence.  *WBS Connect, LLC v. One Step Consulting, Inc.* L 4268971, 2 -3 (D.Colo. 2007).  Defendant must set forth in the notice of removal the underlying facts that demonstrate that the amount in controversy is greater than $75,000.  *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995).

14.     At all times relevant to this action, Plaintiff was insured under a policy issued by Defendant with coverage for uninsured/underinsured motorist benefits with limits of $100,000/300,000.  (See **Exhibit A, ¶36**.)

15.     Plaintiff and Defendant do not agree on the value of Plaintiff's claim for benefits.

16.     Pursuant to the Colorado Court of Appeals case, *Hansen v. American Family Mut. Ins. Co.*, *Hansen v. Am. Fam. Mut. Ins. Co.*, 383 P.3d 28 (Colo. App. 2013), *rev'd on other grounds,* 375 P.3d 115 (Colo. 2016), if Plaintiff proves her damages are equal to or exceed the $100,000 UIM policy limits, and those benefits were unreasonably delayed and denied, she is entitled to collect two times the covered benefit, equaling a total of $200,000, plus attorney fees. Thus, pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116, Plaintiff's allegation that Defendant has delayed or denied the payment of benefits without a reasonable basis meets the jurisdiction threshold on its own.

17.     Attorney's fees may also be used in calculating the necessary jurisdiction amount in a removal proceeding when recovery is permitted by statute.  *See*, *Jones v. American Bankers Ins. Co. of Florida*, 2011 WL 2493748, *4 (D.Colo. 2011).

18.     Plaintiff's Civil Case Cover Sheet also indicates her claim seeks a monetary judgment for more than $100,000.00 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs. (See, **Exhibit D**, District Court Civil Case Cover Sheet.)  The Tenth Circuit has held that the District Court Civil Case Cover Sheet is sufficient to give notice that the amount in controversy exceeds $75,000.  *Paros Properties LLC v. Colorado Cas. Ins. Co.*, No. 15-1369, 2016 WL 4502286, at *6 (10th Cir. Aug. 29, 2016) ("There is no ambiguity in the cover sheet. And we see no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding (whether or not simplified procedures will apply)."

19.     Once the facts have been established, uncertainty about whether the plaintiffs can prove their substantive claims, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal. Only if it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendants) will be less than the jurisdictional floor, may the case be dismissed. *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006)).

20.     Pursuant to 28 U.S.C. § 1441(a), this Court is the appropriate court for filing Notice of Removal from the District Court of Denver County, Colorado, where the State Court case is currently pending.  Further, jurisdiction of the Court is properly based on diversity of

citizenship pursuant to 28 U.S.C. § 1332.

21.     Pursuant to D.C.Colo.LCIVR 81.1, the undersigned certifies that as of the date of this filing, no hearing has been set in the State Court case.

22.     Pursuant to 28 U.S.C. § 1446(d) and D.C.Colo.LCIVR 81.1, this Notice of Removal has been sent to all other parties in this action and has been filed with the State Court clerk's office.  Within fourteen days of the filing of this Notice of Removal, Defendant will file a current state court docket sheet (register of actions) and will separately file any pending motion, petition, and related response, reply and brief.  Copies of the state court Complaint, Civil Case Cover Sheet and any Answers or Returns of Service, or orders served upon Defendant are submitted contemporaneously with this Notice pursuant to 28 U.S.C. § 1446(a).

**WHEREFORE**, Defendant requests that the above-entitled action be removed from the Denver County District Court to the United States District Court of Colorado.

DATED:  August 26, 2019

Respectfully submitted,

By:   *s/ Kurt H. Henkel*
Kurt H. Henkel
TUCKER HOLMES, P.C.
Quebec Centre II, Suite 300
7400 East Caley Avenue
Centennial, CO  80111-6714
Phone:  (303) 694-9300
Fax:  (303) 694-9370
E-mail: khh@tucker-holmes.com
*Attorneys for Allstate Fire and Casualty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2019, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Jonathan D. Stine, Esq.
The Paul Wilkinson Law Firm, P.C.
999 Jasmine Street
Denver, CO 80220
jonathan@pwlfllc.com
*Attorney(s) for Plaintiff*

*The duly signed original held in the file located at Tucker Holmes, P.C.*

   /s/ Kurt H. Henkel
Kurt H. Henkel